[Cite as *In re S.K.*, 2021-Ohio-1866.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: S.K. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| IN RE: T.K. | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | Case Nos.  2021 CA 8 |
| | : |                       2021 CA 9 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeals from the Court of Common Pleas, Juvenile Division, Case Nos. 2018DEP00184 & 2018DEP00185


JUDGMENT:                              Affirmed


DATE OF JUDGMENT:              June 1, 2021


APPEARANCES:

For Appellant-Father                        For Appellee RCCS

JOHN S. DILTS                               CHRISTOPHER ZUERCHER
28 South Park Street                        GINA NENNIG
Mansfield, OH  44902                        731 Scholl Road
                                            Mansfield, OH  44907
For Mother

GEORGE KEYSER
44 Park Avenue W.
Suite 202
Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Appellant-Father, T.K., appeals the January 22, 2021 judgment entries of the Court of Common Pleas of Richland County, Ohio, Juvenile Division, transferring custody of his children, S.K. and T.K., from their paternal grandmother to their paternal great-uncle and aunt.  Appellee is Richland County Children Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   S.K., born September 2013, and T.K., born November 2015, are the children of mother, K.W., and appellant.  On September 20, 2018, appellee filed a complaint for each child requesting temporary custody of the children be granted to paternal grandmother who at the time was taking care of the children.  By orders filed October 4, 2018, a magistrate granted temporary custody of the children to the grandmother.  A hearing was held on November 27, 2018, wherein mother agreed the children were dependent children.  At the time, appellant's whereabouts were unknown.  By decisions filed January 8, 2019 and amended decisions filed February, 2019, a magistrate found the children to be dependent, and placed them in the temporary custody of the grandmother with protective supervision to appellee.  By judgment entries and amended judgment entries filed same dates, respectively, the trial court approved and adopted the decisions.

{¶ 3}   On March 12, 2020, appellee filed ex parte motions for temporary custody of the children due to concerns of mental health issues in the grandmother's home, exposure to unsafe individuals, and adequate care.  By orders filed March 12, 2020, a magistrate granted the motions.  Appellee placed the children with their paternal great-uncle and aunt on April 1, 2020.

{¶ 4}   On May 21, 2020, appellee filed amended motions to terminate the grandmother's temporary custody, and sought to grant temporary custody of the children to the great-uncle and aunt.   Hearings were held before a magistrate on October 1 and 2, 2020.  By decisions filed October 20, 2020 and amended decisions filed October 26, 2020, the magistrate granted legal custody of the children to the great-uncle and aunt and terminated appellee's protective custody.  By judgment entries filed same dates, respectively, the trial court approved, adopted, and incorporated the magistrate's decisions.

{¶ 5}   Appellant filed objections.  By judgment entries filed January 22, 2021, the trial court overruled the objections and reaffirmed and readopted the magistrate's decisions.

{¶ 6}   Appellant filed an appeal in each case and assigned the following identical assignments of error:

I

{¶ 7}   "THE COURT ERRED IN THAT A VOLUNTEER PLACEMENT WITH A RELATIVE APPROVED BY RICHLAND COUNTY CHILDREN SERVICES MAKES THESE CHILDREN NON-DEPENDENT AND NOT SUBJECT TO LEGAL CUSTODY."

II

{¶ 8}   "THE COURT ERRED IN MOVING THE CHILD FROM ONE RELATIVE PLACEMENT TO ANOTHER RELATIVE PLACEMENT WITHOUT FINDING THE CHILD STILL DEPENDENT AT THE FIRST PLACEMENT."

I, II

{¶ 9}   In his two assignments of error, appellant challenges the change of custody from the children's grandmother to their great-uncle and aunt.

{¶ 10} In his appellate briefs at 5, appellant argues the children were not dependent while residing with his mother, a "voluntary relative placement."  We note that although grandmother agreed to care for the children, the placement was made pursuant to appellee's request and court orders.  The children were under the trial court's jurisdiction.  R.C. 2151.353(F)(1).

{¶ 11} Upon a finding of dependency, a trial court may choose one of several dispositions available under R.C. 2151.353.  Subsection (A)(2) permits a trial court to commit "the child to the temporary custody of * * * [a] relative residing within or outside the state."  Subsection (A)(3) permits a trial court to award legal custody to any person who "files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings."  The children had been living with their great-uncle and aunt for six months prior to the October hearings.

{¶ 12} To the extent that appellant suggests the trial court failed to make a finding of dependency while living in the grandmother's home, the trial court indeed found the children to remain dependent children as of the time of the October hearings. *See* Magistrate's Decisions filed October 20, 2020.  Appellant does not cite to any case law or statutory law to support any of his suggestions or arguments that the trial court

was required to make a finding of dependency in relation to the grandmother, a non-parent.

{¶ 13} In its decisions filed October 20, 2020, the magistrate found grandmother's "mental health appears to have deteriorated."  This finding is supported in the record.  T. at 25-30, 47, 50-51; Court's Exhibit 1.  In its judgment entries filed January 22, 2021, the trial court determined, "[a]ssuming the grandmother is not precluded from being the child's legal custodian because of her mental health issues, that fact does not override the other evidence establishing that it is in the child's best interest to be in the legal custody" of the great-uncle and aunt.  *See* T. at 27, 29-31, 49-51.

{¶ 14} Upon review, we do not find any error by the trial court in changing custody of the children from the grandmother to the great-uncle and aunt.

{¶ 15} Assignments of Error I and II are denied.

{¶ 16} The judgments of the Court of Common Pleas of Richland County, Ohio, Juvenile Division are hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db